MORTON v. LA ROCHE et al. (Circuit Court, S. D. New York. May 28, 1902.) Exceptions to Master's Report on Allowance for Costs, Disbursements, and Counsel Fee to Withdrawing Attorney. Adelaide B. Hyde, for complainant. Turner, Rolston & Horan, for defendants.

LACOMBE, Circuit Judge. The estimate of the witness Miller as to value of services in gathering facts and drawing complaint ($400) would ordinarily be fair and reasonable, but the testimony shows that there were special circumstances in this case, which made it more than usually difficult for counsel to obtain from the complainant and her husband such an intelligent and comprehensive narrative of the transactions on which suit is based as was required in order to frame complaint. Taking the amount involved into consideration, $500 would seem to be a proper charge. For all other services $50 is allowed, making $550 in all, from which the retainer ($100) is to be deducted. Expense of reference to be divided.

PARRAMORE v. COHN et al. (Circuit Court, S. D. New York. June 19, 1902.) Edwin H. Brown, for plaintiff. Jones & Titcomb, for defendants.

LACOMBE, Circuit Judge. The patent has been sustained and construed by the court of appeals, and the devices of defendant are infringements under that construction. The prior patents which are presented here, but were not before the court of appeals, seem to be no nearer to the patent in suit than those considered in the earlier case. The evidence as to prior use of alleged anticipating devices may be passed on at final hearing, when it is all presented in the shape of direct and cross examination. Motion for preliminary injunction granted.

PLUMMER et al. v. UNITED STATES. (Circuit Court, S. D. New York. May 31, 1902.) No. 1,901. Albert Comstock, for importers. Henry C. Platt, Asst. U. S. Atty.

LACOMBE, Circuit Judge (orally). Decision reversed. U. S. v. Goldenberg, 168 U. S. 95, 18 Sup. Ct. 3, 42 L. Ed. 394.

STANDARD DISTILLING & DISTRIBUTING CO. v. WOOLSEY et al. (Circuit Court, S. D. New York. July 3, 1902.) Alexander & Green, and Moran, Mayer & Mayer, for plaintiffs. Otto Horwitz, for defendants.

LACOMBE, Circuit Judge. The motion to enjoin the Hammond Distilling Company is denied. That company has not voluntarily appeared, this is not the district of its residence, and this court has not acquired jurisdiction of it. As to Woolsey the case seems to be entirely plain, there is no substantial dispute as to the facts, and complainant may take injunction pendente lite restraining him from violating the conditions of his contract of June 29, 1898. The trust company is also enjoined against delivering the stock to Woolsey or to his order without further instructions from the court.